# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Eric Parker,

    Plaintiff,

v.

A & D Color Graphics, Inc., an Ohio
Corporation, d/b/a Evolution Studios &
Media and d/b/a Evo Sports, and
Jay Vessey, an individual.

    Defendants.

_____/

Case No: 8:17cv1010T35 AAS

**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Eric Parker brings this action on behalf of himself and others similarly situated against Defendant A & D Color Graphics, Inc. d/b/a Evolution Studios and Media and d/b/a Evo Sports ("Evo") and Defendant Jay Vessey ("Vessey").

### PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938. 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. This court has subject matter jurisdiction pursuant to the FLSA. 28 U.S.C.A. § 1331, and 29 U.S.C.A. § 216(b).

3. This court has personal jurisdiction over Plaintiff, who is a resident of Hillsborough County, Florida; Defendant Vessey, who resides in Hillsborough County, Florida; and Defendant Evo, which does business in the state of Florida.

4. Venue lies in this Middle District of Florida, Tampa Division as Defendants do business in this district, have their primary place of business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

5. Plaintiff is a former employee of Defendants.

6. In addition to the named Plaintiff, Defendants employ and have employed similarly situated employees within the last several years.

7. At all material times, Plaintiff and others similarly situated were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

8. Defendant Evo is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9. Defendant Vessey is the President and sole owner of Defendant Evo, has operational control of the business and is involved in and controls the day-to-day management of the business as well as the formulation of the compensation methods that deny Plaintiff and others similarly situated overtime compensation for hours worked over 40 hours per week in violation of the FLSA.

10. At all material times, Defendants were employers of the Plaintiff and others similarly situated within the meaning of 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

## INTRODUCTION

11. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C.A. § 216(b) on behalf of other employees of Defendant who were denied overtime compensation. The collective action claims are for overtime compensation, liquidated damages, interest, and attorney's fees and costs pursuant to the FLSA. 29 U.S.C.A. §§ 207, 216(b).

## FACTUAL BASIS FOR SUIT

12. Defendant Evo is a sign manufacturer and installer with its core business being contracts with the PGA tour, providing signage and installation for events such as the Champions Tour Allianz tournament in Boca Raton, the Valspar Championship in Palm Harbor, and similar events throughout Florida and other states, including Georgia, Texas and West Virginia, grossing more than $500,000.00 in annual revenues.

13. Defendant employed Plaintiff from January 23, 2017, to March 10, 2017, when Plaintiff resigned his employment as a result of abusive conduct by Defendant Vessey including working Plaintiff 46 days straight, the vast majority of those days being for 14-16 hours per day, and repeatedly calling Plaintiff and other employees "f___ing idiots."

14. During Plaintiff's employment, he performed work in excess of 40 hours per week on a regular and repeated basis, averaging 100 hours per week.

15. Plaintiff's duties, like others similarly situated to him, included digging holes for sign posts, transporting heavy materials to and from work sites using a company truck and trailer, loading and unloading the trailers, placing signs where needed on golf courses, mounting signs on posts, framing buildings to hold gables, climbing tent roofs at tournament sites, self-tapping roof banners to tents, sticking Vinyl to poster board, walking golf courses as needed to monitor for signs in need of adjustment/repair during tournaments, climbing ladders to install signs at various areas/sites along golf courses, transferring items from warehouse to warehouse along golf courses; and directing neighborhood traffic as needed.

16. Plaintiff was required to work any time of day or night, any day as directed, and was required to travel on extended trips to cover golf tournaments.

17. In addition to Plaintiff, other similarly situated hourly employees of Defendant performed work in excess of 40 hours on a regular and repeated basis.

18. Hourly employees who work more than 40 hours per week are entitled to overtime compensation for those hours worked in excess of 40 hours per week. 29 C.F.R. § 778.101.

19. Under the Fair Labor Standards Act, overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed during the first 40 hours of work. 29 C.F.R. § 778.107.

20. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40 hours per week during a workweek. Instead, Defendant classified Plaintiff, and other similarly situated employees, as independent contractors. Defendant did this in an attempt to avoid paying the overtime and payroll taxes that Defendant is required by federal law to pay.

21. Plaintiff, along with other similarly situated employees, was not an independent contractor as:

    a. Plaintiff's job duties were an integral part of Defendant's business.

    b. Plaintiff did not work for any other company during his employment with Defendant. Indeed, the number of hours Plaintiff worked precluded him from the opportunity to work for any other such company.

    c. Defendant exercised control over the terms and conditions of Plaintiff's employment, including the days and hours worked and breaks taken, if any.

    d. Defendant instructed Plaintiff as to his work locations and tasks to perform.

e. Defendant provided the equipment and tools required for Plaintiff to perform his duties.

f. Plaintiff did not handle Defendant's the billing, purchasing, or business tasks.

g. Plaintiff, and others similarly situated, did not have the opportunity to compete with each other in open-market competition.

22. In addition to Plaintiff, other similarly situated employees were misclassified as independent contractors and deprived of federally guaranteed overtime wages.

23. Defendant's intentional failure to pay Plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

24. Plaintiff has retained the services of Shankman Leone P.A., and is obligated to pay his legal counsel reasonable attorneys' fees and costs.

## COUNT I

25. Plaintiff restates and incorporates herein his allegations in paragraphs numbered 1 through 24 above.

26. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C.A. § 216(b) as to claims for overtime compensation, liquidated damages, interest, attorney's fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages in that they have been denied proper overtime compensation for at least three years prior to the filing of this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's records. These similarly situated employees may be readily notified

of this action and allowed to opt-in pursuant to 29 U.S.C.A. § 216(b) for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorney's fees, and costs under the FLSA.

27. Defendants' failure to pay Plaintiff and all other similarly situated employees the correct overtime compensation for all hours worked over forty (40) in any workweek violates the FLSA. 29 U.S.C. § 207.

28. Defendants' violations of the FLSA were willful, as Defendants either knew their conduct was prohibited, or showed reckless disregard as to whether their conduct was prohibited.

WHEREFORE, Plaintiff prays for the following relief:

29. Authorization to issue notice pursuant to 29 U.S.C.A. § 216(b) at the earliest possible time, to all current and former nonexempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of 40 hours in a week during the last three (3) years but were not paid overtime by the FLSA.

30. A declaratory judgment that Defendants violated the overtime provisions of the FLSA, 29 U.S.C.A. § 207, as to Plaintiff and similarly situated persons who opt-in to this action.

31. A declaratory judgment that Defendants' violations of the FLSA were willful.

32. An award to Plaintiff and others similarly situated who opt-in to this action of damages in the amount of unpaid overtime compensation to be proven at trial.

33. An award to Plaintiff and others similarly situated who opt-in to this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C.A. § 216(b).

34. An award to Plaintiff and others similarly situated who opt-in to this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C.A. § 216(b).

35. An award of such other and further legal and equitable relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED: MAY 1, 2017

SHANKMAN LEONE P.A.

/s/ Kendra Presswood

Kendra D. Presswood
kpresswood@shankmanleone.com
707 N. Franklin Street, Suite 500
Florida Bar No. 0935001
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
Attorneys for Plaintiff